FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION        2008 JUN 16  AM 10: 59

VILSAINT JACKSON,
                                          U.S. DISTRICT COURT
                                      MIDDLE DISTRICT OF FLORIDA
                   Petitioner,             FORT MYERS, FLORIDA

vs.                                Case No.   2:08-cv-142-FtM-34DNF

ALBERTO GONZALES, Attorney General
of  the  United  States,  MICHAEL
CHERTOFF, Secretary, U.S. Department
of Homeland Security, MICHAEL ROZOS,
Field Office Director for Detention
and Removal, Miami District Office,
U.S.    Immigration   and   Customs
Enforcement,  STUART  K.  WHIDDON,
Glades County Sheriff, DEPARTMENT OF
HOMELAND SECURITY,

                   Respondents.
_____/

**ORDER**[1]

     This matter comes before the Court upon review of Respondents'

Motion to Dismiss for Mootness (Doc. #4, Motion), filed April 11,

2008.  Petitioner has not filed a Reply and the time to do so has

expired.  See docket.

     Petitioner, Vilsaint Jackson (alien no. 88-072-639) a citizen

of Haiti, initiated this action by filing a *pro* se Petition for

Writ of Habeas Corpus (Doc. #1, Petition) on February 19, 2008.

According to the Petition, Petitioner entered into immigration

custody on March 28, 2007.  Petition at 1.  Petitioner was ordered

---

     [1]This is a "written opinion" under § 205(a)(5) of the E-
Government Act and therefore is available electronically.  However,
it has been entered only to decide the matters addressed herein and
is not intended for official publication or to serve as precedent.

removed by the United States on June 1, 2007. Id.; Doc. #1-2, Order of Removal. Petitioner states that he did not appeal the Order of Removal. Petition at 4. In the instant action, Petitioner contends that his current detention violates § 241(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1231 (a)(6), since he is unlikely to be deported in the reasonably foreseeable future. Id. at 7. Further, Petitioner argues that his continued detention violates the Due Process Clause. Id. at 7-8. Accordingly, Petitioner seeks, *inter alia*, immediate release from confinement. Id. at 8-9.

In response to the Petition, Respondents filed a Motion to Dismiss for Mootness and an exhibit (Doc. #4-2, Exh. A). Respondents assert that the Petition is moot because Petitioner was removed to his native country on March 26, 2008. Motion at 1. Respondents submit the "DACS[2] Custody Summary Inquiry" form as evidence of Petitioner's deportation. Id. at 1; Exh. A at 1.

Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" or "controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). This limitation prohibits courts from considering moot questions because such questions cannot present an active case or controversy, thus, the court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III.

---

[2]DACS, or Deportable Alien Control System, provides information on the status and disposition of deportation cases. www.immigration.com/glossary_acronyms.html.

Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). Cases can be rendered moot due to a change in circumstances or a change in law. Id. at 1328. When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Id.

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review". See De La Teja v. United States, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003). However, the circumstances before the Court do not fall within that exception. Two conditions must be met for the exception to apply: (1) the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and (2) there must be a "reasonable expectation that the **same complaining party would be subjected to the same action again.**" Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added).

Here, Petitioner's removal renders the claims presently raised in the Petition moot. As it is undisputed that Petitioner has been now been removed to his native county, Haiti, he cannot establish a reasonable expectation that he will be subjected to the same continued detention in the future. Thus, the narrow exception to the mootness doctrine is not applicable, and the Court finds that the Petition is due to be dismissed as it has been rendered moot by Petitioner's removal.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Respondents' Motion to Dismiss for Mootness (Doc. #4) is **GRANTED** and the Petition is **DISMISSED as moot.**

2.     The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate any pending motions; and (3) close this file

**DONE AND ORDERED** in Fort Myers, Florida, on this 15th day of June, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

-4-